FILED & ENTERED

DEC 01 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY walter    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Traci Renee Toscano<br><br><br><br><br><br>Debtor(s). | Case No.: 2:16-bk-25305-VZ<br><br>CHAPTER 13<br><br>**ORDER DENYING:** ☒ **APPLICATION FOR ORDER SHORTENING TIME FOR HEARING DEBTOR'S MOTION IN INDIVIDUAL CASE FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE;** ☒ **MOTION IN INDIVIDUAL CASE FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE**<br><br>[No Hearing Required] |

On November 29, 2016, Traci Renee Toscano, Debtor and Movant herein, filed an Application for Order Shortening Time (the "Application") for hearing on a Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay as the Court Deems Appropriate (the "Motion"). Having considered the Application and the papers filed in support thereof, IT IS ORDERED that the Application is DENIED because:

☒  Debtor failed to serve a Judge's copy of the Application as required by Local Bankruptcy Rule ("LBR") 5005-2(d).

-1-

☒ The Motion is not timely. Where the Debtor files a "later case" after having had one or more prior cases pending within the prior year which were dismissed, motions to continue the stay brought pursuant to 11 U.S.C. §362(c)(3)(B) must be noticed and heard prior to the expiration of the 30 day period after a Debtor has filed a "later case" (the "30 Day Period"); and, motions to impose the stay brought pursuant to 11 U.S.C. §362(c)(4)(B) must at least be requested within the 30 Day Period. The Debtor's Motion was either not filed within the 30 Day Period as required by 11 U.S.C. §362(c)(4)(B), or the Debtor's Motion was not filed in such a manner that it could be noticed and heard prior to the expiration of the 30 day period as required by 11 U.S.C. §362(c)(3)(B).

☒ No showing of cause has been made as required by LBR 9075-1.

☒ There is no basis in fact or law for filing applications under LBR 9075-1 where the alleged cause is that 30 Day Period will expire prior to the date Debtor may bring a Motion for relief under 11 U.S.C. §362(c)(3)(B) using either regular notice, or using the §362(c) Procedure. The plain language of 11 U.S.C. §362(c)(3)(A) provides that the stay of 11 U.S.C. §362(a) terminates (1) only "with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease" and (2) only "with respect to the Debtor." However, the Bankruptcy Appellate Panels for the First and Tenth Circuits[1] and the majority of courts to consider the issue[2] conclude, as I do, that the stay of 11 U.S.C. §362(a) remains in place as to property of the Estate. Since the Estate includes the property subject of the Motion and generally encompasses the majority of the Debtor's property per 11 U.S.C. §541, no emergency is presented by an 11 U.S.C. §362(c)(3)(A) stay termination.

☒ Movant has not established that (1) Movant will suffer immediate and irreparable injury, loss or damage; (2) there is a danger notice to opposing party will result in that party's flight or destruction of evidence; or, (3) exigent circumstances beyond control of

---

1 . *In re Jumpp,* 356 B.R. 789 (BAP 1st Cir. 2006), *In re Holcomb,* 380 B.R. 813 (BAP 10th Cir. 2008).
2 See *In re Stanford,* 373 B.R. 890, 894-95 (Bankr. E.D. Ark. 2007) discussing the split in authority and listing the numerous courts following the majority view.

1 | Movant prevent Movant from having the Motion heard on regular notice pursuant to LBR
2 | 9014-1 pursuant to the analysis of *In re Intermagnetics America Inc*. 101 Bankr. 191 (C.D.
3 | Cal 1989).

Date: December 1, 2016

_____
Vincent P. Zurzolo
United States Bankruptcy Judge